**THEO TORRES**
California Bar No. 324059
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Theo_Torres@fd.org

Attorneys for Mr. Cabrera-Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 25-cr-04060-RSH-1 |
| Plaintiff, | Hon. Robert S. Huie<br>Date: November 14, 2025<br>Time: 1:30 p.m. |
| v. | |
| JAVIER CABRERA-RODRIGUEZ, | **NOTICE OF MOTIONS AND MOTION TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS WITH POINTS AND AUTHORITIES IN SUPPORT OF MR. CABRERA-RODRIGUEZ'S MOTIONS** |
| Defendant. | |

**NOTICE OF MOTIONS AND LOCAL RULE 16.1 STATUS**

The defendant, Javier Cabrera-Rodriguez, by and through counsel, Theo Torres and Federal Defenders of San Diego, Inc., hereby moves this court to Compel Discovery, Preserve Evidence, and for Leave to File Further Motions and submits the following Points and Authorities in support of his motions.

## I.

## STATEMENT OF FACTS[1]

Mr. Cabrera-Rodriguez was arrested on October 7, 2025. Thereafter, an Indictment was filed charging him with attempting to reenter the United States after deportation in violation of 8 U.S.C. § 1326 ECF No. 17. He has pled not guilty.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Defendant moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

### A.     The Defendant's Statements.

The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those

---

[1] This statement of facts is based on the complaint and discovery provided by the government. Mr. Cabrera-Rodriguez does not accept this statement as his own, and reserves the right to take a contrary position at motions and trial.

statements.  *See also United States v. Bailleaux*, 685 F.2d 1105, 1113-1114 (9th Cir. 1982).

**B.      Arrest Reports, Notes and Dispatch Tapes.**

Defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding the defendant's arrest and any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A), Fed. R. Crim. P. 16(a)(1)(B), and *Brady v. Maryland*, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant.  *See* Fed. R. Crim. P. 16(a)(1)(E), Fed. R. Crim. P. 26.2, and *United States v. Riley,* 189 F.3d 802, 806-808 (9th Cir. 1999).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

**C.      Brady Material.**

The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

**D.      Any Information That May Result in a Lower Sentence under the Guidelines.**

The government must produce this information under *Brady v. Maryland*, 373 U.S. 83 (1963).

**E.      The Defendant's Prior Record.**

The defendant requests disclosure of all alleged prior criminal convictions and law enforcement contacts, if any.  Fed. R. Crim. P. 16(a)(1)(D).

### F. Any Proposed 404(b) Evidence.

To the extent that there is any such evidence, the government must produce evidence of prior similar acts under Fed. R. Evid. 404(b) and "shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. *See United States v. Vega*, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999). The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

### G. Evidence Seized.

The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(D).

### H. Henthorn Material.

The defendant requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case, and produce to him any exculpatory information and impeachment material at least two weeks prior to trial and one week prior to the motion hearing. *See Kyles v. Whitley*, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *See also United States v. Jennings*, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996) (accord). In addition, the defendant requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an in-camera inspection.

### I.  Tangible Objects.

The defendant requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).  **Specifically, defendant requests copies of the audio tapes of defendant's alleged prior deportations or removals.**

### J.  Expert Witnesses.

Defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  Defendant requests the notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and a hearing in advance of trial to determine the admissibility of qualifications of any expert.  *See Kumho v. Carmichael Tire Co.*, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

### K.  Impeachment Evidence.

The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  *See* Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988); *Thomas v. United States*, 343 F.2d 49, 53-54 (9th Cir. 1965).

///

**L.** **Evidence of Criminal Investigation of Any Government Witness.**

The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

**M.** **Evidence of Bias or Motive to Lie.**

Defendant requests any evidence that any prospective Government witness is biased or prejudiced against Defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-58 (1987); *Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

**N.** **Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.**

The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *See United States v. Strifler*, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

**O.** **Witness Addresses.**

The defendant requests the name and last known address of each prospective government witness. *See United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense counsel has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

**P.** **Name of Witnesses Favorable to the Defendant.**

The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

**Q. Statement Relevant to the Defense.**

The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). This includes all statements by percipient witnesses.

**R. Jencks Act Material.**

The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at trial to allow the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. *See also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999). Defendant requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

**S.** *Giglio* **Information & Agreements between the Government and Witnesses.**

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

**T. Agreements between the Government and Witnesses.**

The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding

relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

### U. Informants and Cooperating Witnesses.

The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

### V. Bias by Informants or Cooperating Witnesses.

The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

### W. Personnel Records of Government Officers Involved in the Arrest.

Defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. *See Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

/ / /

### X. Residual Request.

The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. The defendant requests that the government provide his and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## III.
## MOTION TO PRESERVE EVIDENCE

The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

## IV.
## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Mr. Cabrera-Rodriguez requests leave to file further motions and notices of defense based upon information gained in the discovery process.

## V.
## CONCLUSION

For the foregoing reasons, Mr. Cabrera-Rodriguez respectfully requests that this Court grant the above requested motions and leave to file further motions.

Respectfully submitted,

Dated: November 12, 2025
*s/ Theo Torres*
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Cabrera-Rodriguez
Email: Theo_Torres@fd.org